OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
THOMAS C. LEE (SBN 104624)
VICTORIA R. NUETZEL (SBN 115124)
300 Lakeside Drive, 23rd Floor West
P. O. Box 12688
Oakland, CA  94604-2688
Tel:  (510) 464-6034
Fax:  (510) 464-6049

Attorneys for Defendants
San Francisco Bay Area Rapid Transit District
and Alameda Park Street Bicycles, Inc. dba
Alameda Bicycle

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

- SAN FRANCISCO -

| | |
|---|---|
| GREGORY PILLING,<br><br>  Plaintiff,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT, a Public Entity, ALAMEDA PARK STREET BICYCLES, INC., a California Corporation doing business as ALAMEDA BICYCLE and DOES 1 - 10,<br><br>  Defendants. | Case No.: C12-02186 JCS<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANTS SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT AND ALAMEDA PARK BICYCLES, INC. TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT<br><br>Date:  July 20, 2012<br>Time:  9:30 a.m.<br>Ct. Rm. G, 15th Fl. |

TO: PLAINTIFF GREGORY PILLING AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2012 at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, defendants SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART") and ALAMEDA PARK STREET BICYCLES, INC. ("Alameda Bicycle") will move and hereby move, for an order dismissing plaintiff's complaint in its entirety and such other relief as the Court may deem just and proper.

- 1 -

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground that the complaint and each cause of action alleged therein against BART and Alameda Bicycle fails to state a claim upon which relief may be granted as follows:

1. Plaintiff's first cause of action against BART entitled "Discrimination in Violation of Title II of the Americans with Disabilities Act of 1990" ("ADA') fails to state a claim upon which relief can be granted because (a) plaintiff fails to allege facts to establish he is disabled within the meaning of the ADA and (b) even if he has, BART has no obligation to make reasonable modification of its bicycle parking rules and policies to accommodate plaintiff's alleged disability (28 C.F.R. § 35.102(b) ; 49 C.F.R. part 37; *Boose v. Tri-county Metropolitan Transportation District of Oregon* (9th Cir. 2009) 587 F.3d 997; *Melton v. Dallas Area Rapid Transit* (5th Cir. 2004) 391 F.3d 669);

2. Plaintiff's second cause of action against BART entitled "Violation of §504 of the Rehabilitation Act of 1973" ("Rehab Act") fails to state a claim upon which relief can be granted because (a) plaintiff fails to allege facts to establish he is disabled within the meaning of the Rehab Act and (b) even if he has, BART has no obligation to make reasonable modification of its bicycle parking rules and policies to accommodate plaintiff's alleged disability (28 C.F.R. § 35.102(b); 49 C.F.R. part 37; *Boose v. Tri-county Metropolitan Transportation District of Oregon* (9th Cir. 2009) 587 F.3d 997; *Melton v. Dallas Area Rapid Transit* (5th Cir. 2004) 391 F.3d 669);

3. Plaintiff's third cause of action against all defendants entitled "Violation of the Americans with Disabilities Act of 1990, Title III [42 USC §§ 12101 *et seq.*]" fails to state a claim upon which relief may be granted because (a) plaintiff fails to allege facts to establish he is disabled within the meaning of the ADA and (b) even if he has, defendants have no obligation to make reasonable modification of the bicycle parking rules and policies to accommodate plaintiff's alleged disability (28 C.F.R. § 35.102(b); 49 C.F.R. part 37; *Boose v. Tri-county Metropolitan Transportation District of Oregon* (9th Cir. 2009) 587 F.3d 997; *Melton v. Dallas Area Rapid Transit* (5th Cir. 2004) 391 F.3d 669);

4. Plaintiff's fourth cause of action entitled "Violation of California Law including Civil Code §§54 and 54.1, Government Code §§ 4450 et seq. and the Americans with Disabilities Act as incorporated by California Civil Code Sections 54(c) and 54.1(d)" fails to state a claim upon which

relief can be granted because (a) plaintiff fails to allege facts to establish he is disabled within the meaning of the ADA and (b) even if he has, defendants have no obligation to modify a uniform, non-discriminatory policy to accommodate plaintiff's alleged disability (*Turner v. Association of American Medical Colleges* (2009) 167 Cal.App.4th 1401); and

5. Plaintiff fifth cause of action entitled "Violation of California Law including: the Unruh Act, Civil Code §§ 51, 51.7 and 52, and the Americans with Disabilities Act as incorporated by Civil Code 51(f)" fails to state a claim upon which relief can be granted because (a) plaintiff fails to allege facts to establish he is disabled within the meaning of the Unruh Act and the ADA and (b) even if he has, the Unruh Act does not require defendants s to modify a uniform, non-discriminatory policy to accommodate plaintiff's alleged disability (*Turner v. Association of American Medical Colleges* (2009) 167 Cal.App.4th 1401).

This motion is based upon this notice, the memorandum in support filed and served herewith and on such other matters of which the Court may take judicial notice, and which may be presented at hearing.

## STATEMENT OF RELIEF REQUESTED

For the reasons set forth below, defendants BART and Alameda Bicycle respectfully request that this Court enter an order dismissing plaintiff's complaint in its entirety, awarding costs of suit and such other relief as the Court may deem just and proper.

## INTRODUCTION

Plaintiff brings this action and complains that he has been denied equal access to Bike Station, a bicycle parking facility, operated by defendant Alameda Bicycle pursuant to an agreement with BART for the benefit of BART patrons.[1] The gravamen of plaintiff's complaint is that he requires more than the 10 minutes provided by Alameda Bicycle to enter, park his bicycle, use the rest room if necessary and exit. We assume for purposes of this 12(b)(6) motion, and as plaintiff's complaint suggests, that this 10 minute rule is one of discretion and can be modified as necessary to meet the

---

[1] Plaintiff became a member of the Bike Station in or about April 2011 (Compl., ¶ 18). And in doing so, he agreed to comply with the rules and policies of the Bike Station.

- 3 -

1 | needs of plaintiff or anyone else using the parking facility.[2] Thus, the question is whether on the facts
2 | as alleged in plaintiff's complaint, he is entitled to any relief under federal or state law. We show
3 | below he is not.

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER FEDERAL LAW

#### A. Plaintiff fails to allege he is disabled within the meaning of the ADA

To establish a right to relief under the ADA, plaintiff must establish that he is disabled within the meaning of that act, i.e., that he is *substantially* limited in one or more major life activities (42 U.S.C. § 12102(2)(A)). Plaintiff's allegations, however, establish only that he is a colon cancer survivor who has undergone a colostomy and that as a result, he "takes more time than it takes non-disabled people to use a public bathroom" (Compl., ¶ 1). As he put it:

> "Plaintiff Gregory Pilling is a physically disabled person. Due to colon cancer he had a surgical removal of a portion of his colon. As the result of the surgery he cannot eliminate waste from his body in a normal manner but is dependent upon procedures that allow him to eliminate waste through corrective surgical measures. This usually takes him between 12 and 18 minutes in a restroom" (Compl., ¶ 16).

Plaintiff's subsequent allegations further make clear that he is not substantially limited in the major life activities of walking, riding a bicycle, taking public transport and working. As he put it:

> "Plaintiff was able to obtain a job with the City of Berkeley through an SSDI 'Ticket to Work' program as a street-sweeping foreman. He needed to report to his job

---

[2] If only it were so simple. In practice, however, the 10 minute rule is the considered result of an electronic lock software program that triggers a silent alarm when, as in plaintiff's case, a bicycle user fails to exit the parking facility within the 10 minute window. This requires the Alameda Bicycle employee on duty at the time to stop whatever he/she happens to be doing to check the short circuit camera monitor to ensure there is no theft or other criminal or antisocial activity occurring within the parking facility. By plaintiff's own admission, he was asked no less than 5 times to comply with the 10 minute rule and had violated it no less than 52 times (Compl., ¶ 22). Plaintiff's request, although on its face a nominal one, is difficult to implement without customization of the operating software for plaintiff.

- 4 -

early in the morning. Plaintiff would daily ride his bicycle to BART, take his bicycle on BART to the Downtown Berkeley BART station, store his bicycle at the Bike Station which is adjacent to the Downtown Berkeley BART station and use the bathroom at the Bike Station. * * * Because of plaintiff's disability due to cancer and its treatment, he needed to use the bathroom for approximately 12 to 18 minutes per day" (Compl., ¶ 2).

Thus, the essence of plaintiff's complaint is that as a result of his cancer and subsequent colostomy, he requires a little more time to use the restroom than the average member of the public, i.e., approximately 2 to 8 minutes more than that allowed by the bicycle parking facility. We respectfully submit that this slight difference in time fails to establish a *substantial* limitation of any major life activity as a matter of law. And because plaintiff fails to allege he is disabled within the meaning of the ADA, he fails to state a claim for relief under that act.

### B. No Claim for Relief under Title II or III of the ADA—First and Third Causes of Action

Assuming arguendo, plaintiff is disabled within the meaning of the ADA, he nonetheless fails to state any claim for relief under that act. This is because the bicycle parking facility, like automobile parking facilities, is a "transportation facility" within the meaning of the Department of Transportation ("DOT") regulations and subject to those regulations rather than those promulgated by the Department of Justice ("DOJ").[3]

The distinction is significant because under the DOT regulations, neither BART nor Alameda Bicycle has any obligation to make reasonable modification of its rules or policies to address and accommodate the specific needs of a disabled patron (*Boose v. Tri-county Metropolitan Transportation District of Oregon* (9th Cir. 2009) 587 F.3d 997; Accord: *Melton v. Dallas Area Rapid Transit* (5th Cir. 2004) 391 F.3d 669, 675).

---

[3] 49 C.F.R. Section 37.9 defines a "transportation facility" as "any portion of buildings, structures, sites, complexes, equipment, roads, walks, passageways, *parking lots*, or other real or personal property" that is "used in providing public transportation services" (emphasis added). Moreover, for purposes of alterations, parking lots and bathrooms are defined as transportation facilities within the "path of travel" subject to DOT regulations (See 49 C.F.R. Section 37.43(a)(1) and (2)). And 49 C.F.R. Section 37.21 provides that in cases of inconsistencies with the DOJ regulations, the DOT regulations shall prevail.

- 5 -

In *Boose*, the Ninth Circuit affirmed the District Court's grant of summary judgment for the Tri-county Metropolitan Transportation District of Oregon ("TriMet") holding that the DOT regulations, unlike the DOJ regulations, do not require reasonable modification of its rules and policies regarding the provision of paratransit services.[4] As the Ninth Circuit concluded: "[T]he DOJ's reasonable modification regulation does not, and cannot, apply by its own independent force" (587 F3d at 1002, citing *Melton v. Dallas Area Rapid Transit* (5th Cir. 2004) 391 F.3d 669, 675).

    C.    <u>No Claim for Relief under the Rehabilitation Act—Second Cause of Action</u>

The same analysis under the ADA applies to plaintiff's claim under the Rehab Act. As the Fifth Circuit reasoned in *Melton*: "We decline to find that a right to reasonable modification * * * is created by the Rehabilitation Act when an identical right does not exist under the ADA" (391 F3d at 676).

II.    <u>PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER CALIFORNIA LAW</u>

    A.    <u>No Claim for Relief under Civil Code Sections 54, 54.1 or Government Code Sections 4450 et seq.—Fourth Cause of Action</u>

In *Turner v. Association of American Medical Colleges* (2009) 167 Cal.App.4th 1401, the California Court of Appeal addressed the question whether California's Disabled Persons Act ("DPA'), Civil Code Sections 54 and 54.1, required the Association of American Medical Colleges to modify its standardized testing procedures to accommodate takers of the MCAT (Medical College Admission Test) who suffered from reading related disabilities such as dyslexia and ADHD (Attention Deficit Hyper Activity). The Court of Appeal answered no.

///

///

///

---

[4] Plaintiff requested that TriMet accommodate her balance disorder by providing paratransit rides in a sedan or taxi rather than buses to "reduce her neurological & emotional stress" (587 F.3d at 999-1000).

- 6 -

The Court of Appeal reasoned that the DPA guarantees only *physical* access to public places; it does not require modification of policies or rules to accommodate a person with a disability:

> "Civil Code Section 54.1, subdivision (a)(1) restates the DPA's access requirement as one of 'full and equal access, *as other members of the general public*, to accommodations, advantages and facilities ....' (Italics added.) The reference to 'advantages' might be broadly interpreted to require equal access in the taking of the MCAT itself, in addition to the facility in which it is being administered. But the statute qualifies the requirement of 'full and equal access' by describing it as that available to 'other members of the general public.' (Civ. Code, §54.1, subd. (a).) It does not entitle a disabled individual to greater access than the public at large. Other members of the general public are not entitled to the performance-related accommodation sought by the plaintiff in this case, and there is nothing in the DPA requiring a testing entity to alter the conditions of a standardized test" (167 Cal.App.4th at 1412-13).

No less is true here.

Plaintiff seeks, in essence, more time than that allowed to other members of the public who have signed up to use the Bike Station and have agreed, as plaintiff did, to exit the facility within 10 minutes after entering. Plaintiff's membership to the Bike Station was revoked because he repeatedly failed to do so. No violation of the DPA is stated on these facts.

### B. No Claim for Relief under the Unruh Act, Civil Code Sections 51 and 51.7—Fifth Cause of Action

The Court of Appeal in *Turner* also addressed the plaintiffs' claims under the Unruh Act, Civil Code Sections 51 and 51.7:

> "Despite its broad application, the Unruh Act does not extend to practices and policies that apply equally to all persons: 'This section shall not be construed to confer any right of privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation [citations omitted]. A

- 7 -

policy that is neutral on its face is not actionable under the Unruh Act" (164 Cal.App.4th at 1407).

There can be no question that the 10 minute rule applies equally to all members who use the bicycle parking facility and thus, no claim for relief is stated under the Unruh Act.

The Court of Appeal, however, recognized "[t]he Unruh Act *does* indirectly penalize a failure to grant reasonable accommodations" by incorporating "otherwise relevant ADA standards as a 'floor' under state law: 'A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public law 101-336) shall also constitute a violation of this section'" so that "[a]ny violation of this ADA requirement ["to offer * * * examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals"] would also be a violation of the Unruh Act by virtue of Civil Code Section 51, subdivision (f)" (167 Cal.App.4th 1410). Thus, although "some individuals who would be considered disabled under California's more inclusive definition of disability will not be deemed disabled for the purposes of the ADA and will not be entitled to relief under Civil Code section 51, subdivision (f)". So too here, plaintiff states no claim for relief under the Unruh Act because he is not "disabled" within the meaning of the ADA.

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, defendants' motion should be granted without leave to amend.

Dated: June 7, 2012

Respectfully submitted,

OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA
RAPID TRANSIT DISTRICT

By: _____
Thomas C. Lee
Attorneys for Defendants San Francisco Bay Area Rapid Transit District and Alameda Park Street Bicycle, Inc.

- 8 -

66266v1   PILLING v. BART ET AL. C12-02816 JCS MEMO ISO 12(b)(6) MOTION TO DISMISS