Paul Glusman (State Bar No. 65942)
2041 Bancroft Ave., Suite 207
Berkeley, California 94704
Phone: 510.841-4900
Fax: 510.845-6419
email: pglusman@earthlink.net

Attorney for Plaintiff Gregory Pilling

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PILLING, Plaintiff | No. C12-02186 JCS |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)** |
| BAY AREA RAPID TRANSIT DISTRICT, A Public Entity, ALAMEDA PARK STREET BICYCLES, INC., a California Corporation doing business as ALAMEDA BICYCLE and DOES 1-10, | Date of Hearing: July 27, 2012
Time:   9:30 a.m
Courtroom G, 15th Floor |
| Defendants. | |

**ISSUES TO BE DECIDED:**

    1.    Is plaintiff disabled under definitions contained in federal law?

    2.    Is plaintiff disabled under definitions contained in California law, separately from the definitions in federal law?

    3.    Do Department of Transportation regulations that defendant puts forth as controlling even apply in this case, given that the cases that defendant cites apply only to

1

_____

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

paratransit services, which are not in issue here?

    4.    Are there any DOT regulations which apply to denial of all services to the disabled because they need to use a bathroom for a few extra minutes?

    5.    If those Department of Transportation regulations regarding paratransit systems do not apply, does this do away with defendants' duties under the ADA?

    6.    Is the Bike Station, although partially run by BART, in the line of transit?

    7.    Without regard to the application or non-application of DOT regulations, Does California law apply in barring facially neutral policies which discriminate against the disabled?

## I. Introduction and facts

Defendants Bay Area Rapid Transit District and Alameda Bicycle have decided to take a dubious stand in favor of disability discrimination by fighting tooth and nail against plaintiff Gregory Pilling who, as the result of colon cancer and a colostomy, needs a few extra minutes in the restroom of defendants' joint enterprise, the Berkeley Bike Station. Indeed, that's all he ever requested. One would think that this minimal accommodation would be easy to obtain, even if there were no laws requiring it. Instead of acting in a decent and humane – not to mention legal – manner, defendants have punished Pilling by barring him from the Bike Station completely on account of his disability and medical condition. Defendants' excuse – set forth in footnote 2 of their motion to dismiss under Federal Rule 12(b)(6) – is that they would have to modify the software on an alarm system or have an employee check a mirror if they allowed Pilling a few extra minutes in the restroom.[1] That's really not much of a burden at all, let alone an undue burden.

---

[1] Defendants indicate that this is because of theft or criminal or anti-social activity. it is not proper to consider this in a 12(b)(6) motion to dismiss which looks to what is set forth in the pleading.

2

_____

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

Pilling is an individual disabled by colon cancer and its treatment. He has had a section of his colon removed and cannot eliminate waste in a normal manner, but is dependant upon a surgical opening in his abdomen and the use of a colostomy apparatus to achieve elimination of waste products from his body. (Complaint ¶¶ 8, 16).[2] One of the consequences of his cancer and resulting surgery and disfigurement is that Pilling needs to use a toilet for a few minutes longer than the defendant operators of the Berkeley Bike Station rigidly allow. (Complaint ¶¶ 16, 19). Defendants repeatedly warned Pilling about minimal extra time in the restroom, even though it Pilling used it in the early morning when nobody was inconvenienced. Pilling repeatedly requested permission to use a few extra minutes in the restroom, but defendants refused him. (Complaint ¶¶ 19-21). Eventually defendants revoked Pilling's Bike Station membership, barred Pilling from using the Bike Station at all, and refused to reconsider despite several requests. (Complaint ¶¶ 22-23).

In their Motion to Dismiss, defendants astoundingly contend that plaintiff is not disabled, and pointedly ignore the definitions of disability contained in the Americans with Disabilities Act Amendment Act of 2008 which apply to both the federal and state causes of action, and also ignore the definitions in California Government Code §12926, which apply to the state causes of action.

Further, in an effort to justify their discrimination against plaintiff, defendants contend wrongly that various unspecified Department of Transportation (DOT) regulations allow such

---

[2]Pilling perhaps pled this a bit too delicately in his complaint and did not set forth the exact procedure he must go through to eliminate waste products of digested food. If it is necessary to plead the entire process which plaintiff must undertake to make use of an artificial opening in his abdomen and the pains he must go through to make sure that this is effectively done so as to avoid infection, plaintiff can amend his pleading. Suffice it to say that this disability results in far more consequences to plaintiff than what defendants trivialize as amounting to a few minutes extra time in a restroom.

3

___

discrimination.  Defendants mis-cite appellate opinions that apply only to *paratransit* programs. This is not such a case.  Even if the paratransit cases did apply, defendants have set forth no DOT regulations that they contend would allow them to deny the use of bathrooms and the entire Bike Station to the disabled.  It also is not clear how closely connected the Bike Shop is to a transit facility to allow these unspecified DOT regulations to apply and this is not determinable on a motion under Federal Rule 12(b)(6).  Defendants seem to imply that if no DOT regulations apply they are free to discriminate.  They are not.  Defendants also mis-cite a California opinion for a holding it explicitly refuses to make.

Plaintiff is protected by both federal and state law, and, in any event, there are factual questions here that should not be determined in a Rule 12(b)(6) motion based only on pleadings.

**II.    Plaintiff is a person with a disability under both United States and California definitions.**

  **A.    The definitions under the ADAAA establish that plaintiff is a person with a disability entitled to protections under the Act.**

In 2008 Congress amended the Americans with Disabilities Act, 42 USC §§ 12101 et seq., to broaden the definition of disability.  The definitions added by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA), include, in 42 USC §12102(1)(A), coverage for a person with ". . .[A] physical or mental impairment that substantially limits one or more major life activities of such an individual."   Under § 12102(2)(A) the ADAAA now clarifies that major life activities include such things as "caring for oneself," and "eating." Plaintiff submits that elimination of waste products of food engages both of these major life activities.  Further that subsection states that the list includes, but *is not limited to* the activities set forth.  (Emphasis Added.)

But the ADAAA also added, in § 12102(2)(B), an alternative list of the operation of

4

_____

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

major bodily functions that are included in its definition of "major life activity." That list includes both "digestion" and the "bowel."

Pilling has had a large portion of his bowel removed. He cannot digest or eliminate food in the same way that non-disabled people do. Thus, under the ADAAA there is no question that plaintiff is disabled and is entitled to the protections of the ADA. In any event this is not a determination that can be made against plaintiff on the basis of the pleadings in this case and should be reserved for either proper motions or a trial based on submitted evidentiary facts.

**B.    Because California both adopts the ADA as a floor and sets forth its own definitions, plaintiff is a person with a disability under California law.**

As demonstrated above, the ADA defines plaintiff as a person with a disability. Both the California Unruh Civil Rights Act (Civil Code §§ 51 et seq.) and the Disabled Persons Act, (CC §§ 54 et seq.) include the ADA as a floor so that a violation of the ADA is also a violation of California law. See CC § 51(f) and  CC § 54.1(a)(3). The latter section specifically states that if the laws of California prescribe higher standards, it means that access must meet those standards. Because Pilling is disabled under federal law, he is disabled under California law.

However California goes farther. Both the Unruh Civil Rights Act (CC § 51(f)) and the Disabled Persons Act (CC §54.1(a)(3)) include the definitions of disability that are set forth in California Government Code § 12926, a part of the Fair Employment and Housing Act. That section defines a person as disabled if he has a physiological disease, disorder or cosmetic disfigurement that effects a bodily system, including the digestive system, and limits a major life activity, or makes a major life activity more difficult. (See Government Code §§ 12926(l)(A) and 12926(1)(B)(ii).) Unlike federal law, California law does not require a *substantial* limitation. Pillings's digestive system has been disfigured by cancer and surgery, and he has limitations on his ability to eat, digest food, and eliminate waste products. Thus he is disabled

5

---

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

under California law separately from what is set forth in the ADA.

California separately protects those, like Pilling, who are disabled with cancer. California law sets forth "medical condition" as a ground for protection, (CC §§ 51(a) and 54(b)(2).) "Medical condition" in both laws is given the same definition as in Government Code § 12926. (CC §§ 51(e)(3) and 54(b)(2).) GC § 12926(i) defines a medical condition, in pertinent part, as "Any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer."[3]

Pilling has adequately pleaded that he is disabled and entitled to the protection of the ADA as well as California law. It would be inappropriate to rule against him at the pleading stage of this case.

### III. The Department of Transportation Regulations do not usurp the ADA

#### A. The Bike Station is not a paratransit program and Boose does not control.

Defendants contend that DOT Regulations control here. If they do, defendant has not set forth *any* DOT regulation that pertains to bathroom facilities in a storefront located a half a block from a BART station. Defendants rely solely on the case of *Boose v. Tri-County Metropolitan Transportation District of Oregon* (9th Circuit 2009) 587 F.3d 997. The plaintiff in Boose wanted the district to give her special taxi or sedan service to reduce neurological and emotional stress from taking regular paratransit.[4] (*Id*. 1000.) The court held that the defendant did not have to provide this service. In doing so the court limited its interpretation of law to 42 U.S.C. §

---

[3] To the extent that plaintiff may have failed to adequately plead medical condition discrimination under California Law, his complaint can easily be amended.

[4] Compare that to what plaintiff in this case asks: a few extra minutes in the restroom, and not to be excluded from the entire facility simply because his disability requires him to use the bathroom for a minimally longer period of time than non-disabled persons..

6

12143, a section of the ADA which pertains to the offering of *paratransit* services, and to the authority of the Secretary of Transportation to implement regulations carrying out *that section*. (*Id.* 1001.) The court reviewed Part A of Title II of the ADA and determined that it forbid the DOJ from making rules that were within the scope of the Secretary of Transportation's authority under 42 U.S.C. § 12143. Similarly defendants also cite *Melton v. Dallas Area Transit* (5h Circuit 2004) 391 F3d 669 for the same proposition. Those cases have no bearing on the present matter because Pilling does not argue he is entitled to enhanced paratransit service.

### B. Even if Boose Controls, Defendants have put forth no DOT regulation and the default is not to allow discrimination, but to look to the ADA itself.

This case does not involve paratransit services. But assume *arguendo* that there is something to the argument that DOT regulations are entitled to deference and are controlling in this case, where are these regulations? Defendants offer no DOT regulation purporting to allow them to discriminate against the disabled in bathroom facilities. Without such a regulation to present, defendants cannot then submit that they are allowed to discriminate and are exempt from the ADA. Quite the opposite, the default is that the ADA and other federal laws apply to their treatment of Pilling.

### IV. Whether the Bike Station is itself a transportation facility is a question of fact.

Defendants contend that the Bike Station is a transportation facility under the definition contained in 49 CFR 37.9. It is not clear that the Bike Station fits within that definition as set forth in defendant's footnote 3. It is a half a block away from the BART statio and is not really in the path of transit. It sells accessories and rents bicycles. (Complaint ¶ 42). Is this a transportation facility? That question cannot be answered on a motion based solely on pleadings.

/ / /

___

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

## V. California law provides protection independent of the ADA.

### A. Defendants misread Turner.

*Turner v. Association of American Medical Colleges* (2008)[5] 67 Cal.App.4th 1401 discussed whether it was legally necessary to accommodate test takers with learning disabilities. The case was brought under the Unruh Civil Rights Act, CC §51 et seq. The court held that the Unruh Act did not require the defendants to make reasonable accommodations where the policies involved were facially neutral. Plaintiffs argued that § 51(f) of the Unruh Act incorporated the ADA which did require accommodations. However plaintiffs (at that time before the effective date of the ADAAA which changed the definitions of disability) were not disabled under the ADA so were not entitled to accommodation by the incorporation of the ADA into the Unruh Act.

"As this case demonstrates, some individuals who would be considered disabled under California's more inclusive definition of disability will not be deemed disabled for purposes of the ADA and will not be entitled to relief under Civil Code section 51, subdivision (f)." (Turner, supra at 1410-1411.) The Turner court then discussed the Disabled Persons Act, CC § 54 et seq. and held that "Although the DPA now protects persons with mental disabilities, the published cases have involved challenges of physically disabled individuals denied access to some public site or service due to their disability." (*Id.* 1412, Citations omitted.)

The court stated, "We emphasize that our holding today is *a narrow one—that the Unruh Act and DPA do not, by their own terms, require performance-related accommodations (additional time, private rooms) for MCAT applicants with learning or reading-related disabilities*. There was no allegation by plaintiffs that MCAT applicants with purely physical

---

[5]Erroneously cited as "2009" by defendants.

8

---

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)

disabilities had been denied reasonable accommodations for those disabilities, and we have no occasion to consider whether the Unruh Act or DPA would apply in such a situation." (Emphasis added.)

Turner does not apply here for three reasons: (1) Unlike the plaintiffs in Turner, Pilling *is* disabled under the ADA as shown above, thus is entitled to accommodations under the Unruh act and the Disabled Persons Act which incorporate the ADA;  (2) unlike the test-takers in Turner, Pilling was physically denied access to facilities and ultimately to the Bike Station entirely as "punishment" for his disability and (3) Turner explicitly limited its holding to people who needed reasonable accommodations to take tests and refused to rule on accommodations for people with physical disabilities – a subject not before it.

**B.     California law prohibits facially neutral policies that restrict disabled access to facilities.**

*Hankins v. El Torito Restaurants* (1998) 63 Cal.App.4th 510, is directly on point. Hankins held that the Disabled Persons Act, Civil Code §§ 54 et seq., barred policy *as well as* physical impediments on the use of facilities by disabled persons. (*Id*. 524).  Hankins involved the lack of access to a restroom by a wheelchair-bound person, when the only available public restroom was on the second floor and there was no elevator.  Hankins had asked to use the employee restroom and was refused.  Despite the fact that the policy of not allowing disabled customers to use the employee restroom was facially neutral, it resulted in unlawful discrimination.  In this case, of course, the ten minute rule is facially neutral but results in refusal of access and unlawful discrimination.

**C.     California law provides a wholly separate basis for requiring access to public facilities, independent from and pre-dating the ADA by more than two decades.**

9

---

In 1968, California enacted the Disabled Persons Act, CC § 54 et seq, which provides: "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . and privileges of all common carriers . . . railroad trains . . . or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided) . . . places of public accommodation . . . and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."

This predates the enactment of the ADA by 22 years. Defendants have not posited that it somehow exempts them. Even without reference to the ADA and implementing regulations, defendants are separately liable wholly under California law.

## VI.   Conclusion

For all of the above reasons, defendants' motion to dismiss must be denied.

Dated: July 2, 2012                                        Paul Glusman

                                                                          _____

                                                                          Attorney for Plaintiff Gregory Pilling

10

_____

Pilling v. Bay Area Rapid Transit Dist. et al. No. C12-02186 JCS
Plaintiff's Opposition to Motion to Dismiss under Rule 12(b)(6)